AMERICAN REPUBLIC LIFE INSURANCE COMPANY *v.* FLYNN.

4-9482                                          238 S. W. 2d 937

Opinion delivered April 30, 1951.

*Talley & Owen* and *Robert L. Rogers, II,* for appellant.

*Willis & Walker,* for appellee.

ROBINSON, J.   On the 1st day of September, 1945, the appellant, insurance Company, executed and delivered to the appellee, Flynn, a policy of insurance providing, among other things, for monthly indemnity by reason of loss of time due to illness. At that time it was recognized by both parties that Flynn had been, or was then, afflicted with heart trouble. A rider, or policy supplement, was made a part of the policy, which provided:

"This policy does not cover disability caused directly or indirectly as a result of the recurrence of heart trouble in any form.

"If, after a period of two years, evidence satisfactory to the Company by medical examination including electrocardiogram discloses no heart trouble, rider will be removed."

On the 17th day of February, 1950, the insured suffered a heart attack. On February 23, 1950, in response

to an inquiry from S. T. Phifer, the agent who wrote the policy, (it is not clear as to just when Phifer made his inquiry), a letter was written to the insured signed by I. J. Elrod, Vice-President of the appellant Company, the letter being as follows:

"A few days ago, Mr. S. T. Phifer left your H & A policies in this office and asked that the rider for Heart Trouble be removed.

"The fact that the policy supplement mentions the length of time that the rider is to be effective, automatically removed the rider at the expiration of the time clause that is shown on your policy. This letter, of course, may be attached to show that the rider is not effective, but it would not alter the policy one way or the other since the time element appears in the supplement which was made a part of the policy at the time it was issued.

"We trust that this is the information desired and if we can be of further service please don't hesitate to call on us.

"Yours very truly,

/s/ I. J. Elrod,

"IJE/mm                    Vice-President."

The insured filed his proof of loss. The Insurance Company denied liability and this suit followed in which the insured recovered judgment for the time lost due to the heart trouble.

The appellant, insurance Company, contends that, notwithstanding the Vice-President's letter to the insured, it was the duty of the insured to take steps to have the rider removed at some time before he became disabled, and that the Vice-President had no authority to waive the Company's rights in this respect. There is a provision in the policy as follows:

"No change in this policy shall be valid unless approved by the President of the Company and such approval be endorsed thereon."

Appellant cites authority to the effect that a contract of insurance cannot be waived or modified except by endorsement of the proper officer of the Company. However, we are of the opinion that the case is governed by the insurance Company's interpretation of the rider, as set out in its Vice-President's letter of February 23, 1950. In the particular policy involved here, the Company, as shown by the letter of its Vice-President, interpreted the rider as being no longer effective after the two-year period had expired. The rider was for the benefit of the Company. It was prepared by the Company. The Company knew what it wanted for protection at the time of preparing the rider, and knew what construction it intended should be placed on the rider. The letter is positive evidence of the construction placed on the rider by the Company, and there is no evidence in the record indicating that the Company intended any other construction.

In the case of *Beasley* v. *Boren,* 210 Ark. 608, 197 S. W. 2d 287, this Court said: "The parties to a contract may, by their mutual actions in carrying it out, furnish an index to its meaning, which the language thereof fails to do. After all, the written instrument is but an evidence of what the signers thereof propose to bind themselves to do, and when, by their conduct in carrying out the agreement, both of the parties to the contract demonstrate an intention to heal an uncertainty in the contract, the courts will generally adopt this practical construction."

In the case of *Continental Insurance Company* v. *Harris,* 190 Ark. 1110, 82 S. W. 2d 841, the Court said: "Where, from the terms of the contract or the language employed, a question of doubtful construction arises, and where it appears that the parties themselves have practically interpreted their contract, courts will generally follow that practical construction.

"It is to be assumed that parties to a contract know best what was meant by its terms, and are the least liable to be mistaken as to its intention; that each party

is alert to protect his own interests and to insist on his rights, and that whatever is done by the parties during the period of the performance of the contract is done under its terms as they understood and intended it should be. Parties are far less liable to have been mistaken as to the meaning of their contract during the period while harmonious and practical construction reflects that intention, than they are when subsequent differences have impelled them to resort to law, and one of them seeks a construction at variance with the practical construction they have placed upon it of what was intended by its provisions.''

Likewise, in the case at bar, the insurance Company's construction of the rider with regard to the expiration date thereof is clearly set out in the Vice-President's letter to the appellee. And, insofar as this particular case is concerned, we are of the opinion that the Company cannot now successfully contend that a different construction from that expressed in the letter was intended.

Appellee's attorneys were allowed a fee of $150 in Circuit Court and have asked that an additional $100 be allowed by this court for the appeal. We think this request is reasonable and appellee's attorneys are, therefore, allowed an additional $100 fee. *Bankers' Reserve Life Insurance Co.* v. *Crowley*, 171 Ark. 135, 284 S. W. 4.

Affirmed.

George Rose Smith, J., dissenting. If the insurer's letter had been written before the appellee became disabled I should agree to affirm the judgment, since the appellee might have relied upon the letter as a reason for not attempting to have the rider removed. But here the rights of the parties had already become fixed when the company's vice-president undertook to construe the policy. The policy is simply a contract between the insurer and the insured, and I can think of no legal theory by which a purely unilateral misinterpretation of an unambiguous agreement becomes binding upon either party, especially when no consideration is given for the erron-

eous opinion and when there has been no reliance upon it. Certainly if the insured should gratuitously construe his policy too favorably to the company the courts would not hold him to his construction, and I do not understand how the opposite result can be reached when it is the insurer who makes the error.